**JON M. SANDS**
Federal Public Defender
**TRACY FRIDDLE/W. ERIC RAU**
Assistant Federal Public Defender
State Bar No. 022446/019267
407 W Congress, Suite 501
Tucson, AZ 85701-1716
Telephone: (520) 879-7500

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 04-1692 TUC RCC (BPV) |
| Plaintiff, ) | |
| vs. ) | **MOTION TO STRIKE SURPLUSAGE /** |
| Antonio Eretza-Flores, ) | **MOTION IN LIMINE** |
| Defendant. ) | |

Defendant, Antonio Eretza-Flores, through undersigned counsel, moves this Court to strike references in the Indictment to issues that are relevant only to sentencing and are not elements of the offenses with which the government has charged Mr. Eretza-Flores. Mr. Eretza-Flores also requests that this Court preclude the admission of evidence about the sentencing issues at trial. Mr. Eretza-Flores makes this motion because the references to sentencing issues constitute surplusage, and presenting evidence of these issues to the jury would unfairly prejudice him. Mr. Eretza-Flores submits the following Memorandum of Points and Authorities in support of his motion.

## **FACTS**

### **The Legal Backdrop**

On July 21, 2004, in *United States v. Ameline*, 376 F.3d 967 (9th Cir.) ("*Ameline I*"), the Ninth Circuit applied *Blakely v. Washington*, 542 U.S. 296 (2004) to the United States Sentencing Guidelines and determined that the Guidelines violated a defendant's Sixth Amendment rights by permitting the district court to increase his sentence based on facts that were neither found by a jury beyond a reasonable doubt nor admitted by him. In the wake of *Blakely* and *Ameline I*, some U.S. Attorney's Offices began charging in indictments facts that

would form the basis of sentencing enhancements. This may have caused the government to include the alleged facts that the defense now seeks to strike in Mr. Eretza-Flores's Indictment, which was filed on August 18, 2004.

On June 1, 2005, in *United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir.) (en banc) ("*Ameline II*"), the Ninth Circuit revisited its previous holding in *Ameline I* in light of the Supreme Court's opinions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005). The Ninth Circuit concluded that judicial consideration of facts and circumstances beyond those found by a jury or admitted by a defendant does not violate a defendant's Sixth Amendment rights so long as such consideration occurs in a non-mandatory – or advisory – guidelines system. Because the Supreme Court in *Booker* severed the statutory provision that made the application of the United States Sentencing Guidelines mandatory, the Ninth Circuit's holding meant that courts could, under the Guidelines, enhance a defendant's sentence based on facts not alleged in the Indictment and proven to the jury beyond a reasonable doubt or admitted by the defendant.

Despite the changes in the law subsequent to the filing of the Indictment in this case, the Indictment remains in its original form.

**The Indictment**

The Indictment filed against Mr. Eretza-Flores alleges that Mr. Eretza-Flores committed the following offenses: Bringing in Illegal Aliens, Transportation of Illegal Aliens, Conspiracy to Bring in Illegal Aliens, Conspiracy to Transport Illegal Aliens, Illegal Re-entry After Deportation, Attempted Destruction of an Aircraft, and Aggravated Assault on a Federal Agent. Each of the eight counts purports to list the elements of the alleged offenses. Each count, with the exception of Count 6, also includes allegations that do not constitute elements of any of the alleged offenses. These allegations are followed by citations to various sections of the United States Sentencing Guidelines.

Specifically, Counts 1 through 3 consist of two paragraphs — one that purports to set forth the elements of Bringing in Illegal Aliens and another that states as follows:

> The offenses involved the bringing in of six or more aliens, U.S.S.G. § 2L1.1(b)(2). The offenses involved the brandishing and other use of a dangerous weapon, (to wit: rocks which were used as projectiles) U.S.S.G. § 2L1.1(b)(4)(B). The offense involved intentionally and recklessly creating a substantial risk of death or serious bodily injury to another person by: 1) the speeding of the load vehicle, 2) the overloading of the vehicle, 3) the unsafe driving maneuvers which were conducted by the load vehicle, and 4) by the defendant throwing approximately five rocks at a Customs and Border Protection helicopter in an attempt to damage, destroy, disable, or wreck the aircraft, U.S.S.G. § 2L1.1(b)(5). The defendant's actions created a substantial risk of death and serious bodily injury to another in the course of fleeing from a law enforcement officer due to the defendant's act of throwing approximately five rocks at the Customs and Border Protection helicopter in an attempt to damage, destroy, disable or wreck the aircraft, U.S.S.G. § 3C1.2. Finally, the defendant obstructed or impeded the administration of justice when he threatened and intimidated Agents who will be witnesses against him, U.S.S.G. § 3C1.1.

This paragraph, the "smuggling enhancements paragraph," is repeated five times in the Indictment, not only as the second paragraph in Counts 1, 2, and 3, but also as the fourth paragraph in Counts 4 and 5. The first three paragraphs of Counts 4 and 5 purport to allege the elements of Conspiracy to Bring in Illegal Aliens and Conspiracy to Transport Illegal Aliens, respectively.

Counts 7 and 8 also consist of two paragraphs. The first paragraph of Count 7 purports to identify the elements of Attempted Destruction of an Aircraft, while the first paragraph of Count 8 purports to allege the elements of Assault on a Federal Officer. The second paragraphs in both counts, the "obstruction enhancements paragraphs," state the following:

> Immediately following, and in relation to, this offense, the defendant obstructed or impeded the administration of justice when he threatened and intimidated Agents who will be witnesses against him, U.S.S.G. § 3C1.1.

Although this paragraph appears just twice in the Indictment, the accusations comprising this paragraph are also repeated in the last sentence of the smuggling enhancements paragraphs. Therefore, these allegations appear a total of seven times in the Indictment.

## **LAW & ARGUMENT**

Federal Rule of Criminal Procedure 7(d) provides that "[t]he court on motion of the defendant may strike surplusage from the indictment or information." The Ninth Circuit has stated that "[t]he purpose of Rule 7(d) is to protect a defendant against prejudicial or

3

inflammatory allegations that are neither relevant nor material to the charges." *Ramirez,* 710 F.2d at 544-45 (9th Cir. 1983). Further, Fed. R. Evid. 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury."

Very recently, in *United States v. Gonzalez-Flores*, ___ F.3d ___, 2005 WL 1924724, 4 (9th Cir. Aug. 12, 2005), the Ninth Circuit agreed with a district court's determination that an alien-smuggling indictment's references to injuries suffered by an allegedly smuggled alien were surplusage. The court noted that "[a]s a logical matter," evidence of the injuries did not affect the probability that the defendant had committed any of the elements of the alleged alien smuggling offense (Bringing in Illegal Aliens). Rather, the injuries were "a mere detail in the story of the offense." *Id.* Accordingly, the Ninth Circuit agreed that the references to the injuries were surplusage not to be submitted to the jury.

Moreover, the court held that the district court abused its discretion by admitting, at trial, testimony about the injuries. *Id.* The court based its holding on its determination that the injury evidence "had an undue tendency to suggest decision on an improper basis" and therefore "[t]he likelihood of unfair prejudice was high enough to outweigh the minimal probative value of [that] evidence." Thus, the court concluded that the evidence was inadmissible under Fed. R. Evid. 403.

Similarly, in this case, the accusations in the smuggling and obstruction enhancements paragraphs are not elements of any of the offenses with which the government has charged Mr. Eretza-Flores. *See* 18 U.S.C. § 32(a)(1) & (a)(7) (defining elements of Attempted Destruction of an Aircraft); Ninth Circuit Model Jury Instructions §§ 8.2 (Assault on a Federal Officer), 8.16 (Conspiracy), 9.1 (Bringing in Illegal Aliens), & 9.5 (Re-entry). Nor do those accusations affect the probability that Mr. Eretza-Flores committed the elements of those offenses. *See id.* Instead, as the government has tacitly recognized by citing to the Sentencing Guidelines, the accusations bear on sentencing.

Further, these sentencing-related accusations are exactly the type of prejudicial and

4

inflammatory allegations from which Rule 7(d) and Fed. R. Evid. 403 are designed to protect defendants. Accusations regarding the substantial risk of death or serious bodily injury to which the aliens in this case were exposed, for example, could trigger an emotional response from jurors, prompting them to convict Mr. Eretza-Flores in order to punish *someone* for exposing other human beings to danger regardless of a lack of evidence proving *Mr. Eretza-Flores's* guilt in the alleged offenses beyond a reasonable doubt. This risk is especially great in this case because, although it is clear that others participated in alien smuggling in this case – most notably, the driver of the load vehicle – Mr. Eretza is the only person facing charges. Also, the government's allegations of "obstruction" could have a similar emotional impact on the jury, compelling it to make a decision about Mr. Eretza-Flores's culpability based on his alleged behavior subsequent to his arrest rather than on evidence of his alleged participation in smuggling and in the other alleged offenses.

Additionally, the *number* of references to the sentencing issues further prejudices Mr. Eretza-Flores. As explained above, the government repeats the sentencing allegations five to seven times. Commentators have noted, with respect to multiplicitous indictments, that a "prolix pleading may have some psychological effect upon a jury by suggesting to it that the defendant has committed" more crimes than he actually has. Charles Alan Wright, et. al, 1A Fed. Prac. & Proc. Crim. 3d § 142 (internal quotation marks omitted). Although such indictments usually splinter single offenses into multiple charges, the principle still applies in this case. The repetitious paragraphs do not add any substantive information concerning Mr. Eretza-Flores's conduct, but their repetition has the prejudicial effect of suggesting that the criminal activity is of a greater scope and gravity than it actually was.

In sum, the smuggling and obstruction enhancements paragraphs do not contain elements of the offenses with which the government has charged Mr. Eretza-Flores. They relate only to sentencing factors. As such, they are surplusage and should be stricken. Further, the presentation of evidence of the sentencing issues to the jury would unfairly prejudice Mr. Eretza-Flores, since it could cause the jury to decide this case on an improper basis. Therefore,

1 evidence of the issues should be precluded at trial.

## CONCLUSION

Based on the foregoing, the references to sentencing factors should be stricken from the Indictment, and evidence concerning those factors should not be presented at trial.

RESPECTFULLY SUBMITTED: September 1, 2005.

JON M. SANDS
Federal Public Defender


 /s Tracy Friddle
TRACY FRIDDLE and for W. ERIC RAU
Assistant Federal Public Defender

Copy to:

W. Eric Rau
Assistant Federal Public Defender

Brad W. Giles
Assistant United States Attorney

Antonio Eretza-Flores
Defendant

6